## IN THE COURT OF APPEALS OF IOWA

No. 14-0255
Filed April 16, 2014

**IN THE INTEREST OF D.Y., D.K.,**
**D.K., and D.Y., Minor Children,**

**D.K., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Associate Juvenile Judge.

D.M.K. appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Bryan J. Tingle, Des Moines, for appellant-mother.

Katherine Spencer Sargent, Des Moines, for father L.P.

Nathan Mundy, Des Moines, for father D.K.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Michelle Chenoweth and Amanda Johnson, Assistant County Attorneys, for appellee.

Charles Fuson, Des Moines, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

D.M.K. appeals the juvenile court order terminating her parental rights. She claims there is insufficient evidence to support termination, termination is not in the best interests of the children, and the juvenile court did not need to terminate her parental rights because the children are currently in the custody of a relative. Finding sufficient evidence for termination and termination is in the best interests of the children, we affirm.

## I.    Background Facts and Proceedings

D.M.K. is the mother of four children. A February 3, 2014 juvenile court order terminated her parental rights to all four children.[1]

The children came to the attention of the department of human services (DHS) in March 2012, when one of the children tested positive for marijuana at birth. DHS investigated D.M.K. and learned she had a history of drug abuse and lacked stable housing. Soon thereafter, D.M.K. and the children were unable to be located by DHS for several months; D.M.K. claimed she was attempting to avoid a domestic violence situation.

In September 2012, D.M.K. appeared at a DHS office requesting the children be placed in foster care due to her inability to care for them. At the time D.M.K. was homeless, was living with relatives who posed a danger to the children, and a warrant had been issued for her arrest.[2] D.M.K. was incarcerated for much of September and October 2012. Following her release, D.M.K. claimed to be looking for work and not using drugs, but she refused to provide

---

[1] The rights of the fathers of the children are not a part of this appeal.
[2] It was later discovered D.M.K. had, just before requesting foster placement for her children, stabbed her mother's boyfriend.

drug screens. D.M.K. started visits with the children. The DHS caseworker reported the visits were inconsistent depending upon D.M.K.'s mood. After initially attending most scheduled visits, D.M.K.'s attendance became erratic. She often cancelled visits or arrived late. When D.M.K. attended visits, the children acted out. She remained unemployed and without stable housing.

In April 2013, D.M.K continued to miss drug screens and again was incarcerated. She failed to provide a substance abuse evaluation and missed two family team meetings. The children, meanwhile, were doing well in foster care and appeared to be less upset about missed visits with their mother. D.M.K. spent a significant portion of 2013 in jail. After her release she attempted to reestablish contact with the children but continued to miss or arrive late to scheduled visits.

## II.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III.      Discussion

D.M.K. claims there is insufficient evidence to terminate her parental rights, termination is not in the best interests of the children, and the children's current placement with relatives makes termination unnecessary.

Termination of parental rights requires a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). If we find grounds for termination under Iowa Code section 232.116(1) (2013), we proceed to a best interests of the child analysis under section 232.116(2). Then, we must consider whether any of the

exceptions in section 232.116(3) apply. The juvenile court terminated D.M.K.'s parental rights under section 232.116(b), (f), and (h). Termination requires proof of only one of the statutory grounds. *See In re L.H.*, 480 N.W.2d 43, 47 (Iowa 1992).

Section 232.116(1)(b) allows for termination where clear and convincing evidence establishes the child has been abandoned or deserted. Abandonment means the rights, duties, or privileges of parenthood have been surrendered with an intention to abandon with acts establishing the same. Iowa Code § 232.2(1). There are no minimum time requirements. *Id.* There must be proof the parent has given up the responsibilities of being a parent. *In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994). Maintaining parental responsibilities requires more than subjective interests and must rise to the extent of affirmatively engaging as a parent. *Id.* Our supreme court has approved of termination on this basis where the parent continues to engage in sporadic visits. *In re M.S.*, 519 N.W.2d 398, 400–01 (Iowa 1994). We find D.M.K. has abandoned the children. She requested the children be placed in foster care due to her own problems and has done nothing to actively parent the children since that time. Her visits have been inconsistent and often have not occurred at all. There is no evidence of any attempt to regain the responsibilities of parenthood, and her delivery of the children to foster care was proof of her intention to relinquish her responsibilities as a parent.

Turning to the best interests analysis in section 232.116(2), we find termination to be in the best interests of the children. The condition of the children has improved in foster care, and the children have shown an increasing

lack of interest in maintaining a relationship with D.M.K. The ongoing legal and substance abuse issues surrounding D.M.K. would place the children in danger of continued abandonment and would not aid in their long-term growth. The interests of the children will be best served by termination.

Finally, we consider the statutory exceptions found in section 232.116(3). D.M.K. claims termination is unnecessary because a relative has custody of the children. The exceptions are permissive, not mandatory. *See P.L.* 778 N.W.2d at 40. We find no reason to decline termination due to the current placement of the children. D.M.K.'s legal and substance abuse problems remain an on-going threat to the long-term safety and growth of the children, and termination of her rights places a wall between her, her problems, and the children.

**AFFIRMED.**