**IN THE COURT OF APPEALS OF IOWA**

No. 15-1270
Filed October 12, 2016

**IN THE MATTER OF M.S.,**
**Alleged to Be Seriously Mentally Impaired,**

**M.S.,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Mitchell E. Turner, Judge.

M.S. appeals a district court ruling continuing his involuntary commitment to a residential care facility. **AFFIRMED.**

Willie E. Townsend, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

M.S. was involuntarily hospitalized and subsequently placed at a residential facility. In time, he asked to be released from the facility. The district court scheduled the matter for a placement hearing and, following the hearing, denied the request "for a less restrictive placement."

On appeal, M.S. argues (1) "the trial court erred by conducting the hearing as if it were a placement hearing rather than a writ of habeas corpus and as such [he] was denied certain constitutional safeguards," (2) the district court impermissibly considered information he could not rebut, and (3) the evidence was insufficient to find him seriously mentally impaired. The State counters with the following arguments in favor of affirmance: (1) the placement order was not a final order subject to appeal, (2) the parties stipulated that the hearing was a placement hearing and, "[h]ad counsel believed otherwise, a different hearing could have ensued," (3) a habeas corpus petition filed and heard while this appeal was pending renders the appeal moot, and (4) the record contains sufficient evidence to support a finding of a serious mental impairment. We will begin with the State's first three arguments.

The State seems to suggest M.S. could not appeal the placement order because there is no statutory provision authorizing an appeal.[1] But the State concedes that this court has reviewed the merits of district court placement orders under the auspices of Iowa Code section 229.37 (2015), which affords committed persons the right to seek habeas corpus relief. *See In re S.M.*, No.

---

[1] Iowa Code section 229.17 suggests a placement order may be appealed. It states in part, "If a respondent appeals to the supreme court regarding a placement order, the respondent shall remain in placement unless the supreme court orders otherwise."

12-1983, 2014 WL 69773, at *2 (Iowa Ct. App. Jan. 9, 2014) ("S.M.'s request for a placement hearing could be treated as a petition for a writ of habeas corpus under section 229.37."); *In re B.T.G.*, 784 N.W.2d 792, 796 (Iowa Ct. App. 2010) ("[A]n application requesting to be released from inpatient treatment should be treated as a petition for a writ of habeas corpus."). The State also concedes we may construe placement hearings as habeas corpus hearings. *See B.T.G.*, 784 N.W.2d at 796. For purposes of review, then, it matters little that the parties and the court styled the hearing as a placement hearing.

The State next asserts "[t]he question of habeas relief is moot" because M.S. filed a petition for writ of habeas corpus while this appeal was pending and obtained an evidentiary hearing and ruling on the petition. *See In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) ("Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" (citation omitted)). In its view, "[a]ny injury for not construing the [earlier] hearing as a habeas hearing was remedied by holding a habeas hearing."

As a preliminary matter, we note the State may rely on facts outside the record to support its mootness argument. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992). But those facts do not assist the State.

Iowa Code section 229.37, authorizing habeas corpus relief, states, "If the judge shall decide that the person is seriously mentally impaired, such decision shall be no bar to the issuing of the writ a second time, whenever it shall be alleged that such person is no longer seriously mentally impaired." The provision gives the committed person more than one bite at the apple in seeking release

from commitment. The habeas corpus hearing during the pendency of the appeal was not a "do over" hearing to correct errors in the earlier hearing but an entirely new hearing based on new facts. *See Brandon v. Iowa Dist. Ct.*, No. 07-1459, 2011 WL 6270699, at *5 (Iowa Ct. App. Dec. 16, 2011) ("We determine that the 'do over' administrative rehearing renders moot Brandon's due process claims . . . ."). M.S. had a justiciable controversy at the time of his placement hearing and a new and distinct justiciable controversy at the time of his habeas corpus hearing. The district court's habeas decision relied on facts occurring just a week before the habeas hearing, underscoring that the second hearing was not a substitute for the first. We conclude the second hearing did not render the first one moot.

Having resolved the State's first three arguments, we turn to M.S.'s arguments and the State's response to his sufficiency-of-the-evidence challenge. First, we will treat the order from which he appealed as an application for writ of habeas corpus, and we will review the merits. Second, we decline to find error in the court's admission of written reports on the ground the authors were unavailable for cross-examination because M.S. stipulated to the admission of those reports.

We are left with M.S.'s challenge to the sufficiency of the evidence supporting the finding of a serious mental impairment. The definition of "seriously mentally impaired" contains three elements: (1) mental illness, (2) lack of sufficient judgment, and (3) dangerousness as reflected by one of three specified criteria. *See* Iowa Code § 229.1(17); *In re Oseing*, 296 N.W.2d 797, 799 (Iowa 1980); *accord B.B.*, 826 N.W.2d at 432. The record contains

substantial evidence to support these elements.  *See B.B.*, 826 N.W.2d at 432 (setting forth standard of review).

The district court found that M.S. was diagnosed with "[m]ajor [n]eurocognitive [d]isorder"; "was often uncooperative" and did not "demonstrate[] that he ha[d] the skills to care for himself"; possessed a misplaced belief that "the more uncooperative and disruptive he [was,] the greater the chance . . . that he [would] be placed in a less restrictive environment or [be] given the opportunity to try to live independently"; and had "long-standing verbal and physical aggression, with a long-standing and current history of problems with impulse control, judgment, and general behavioral organization."

Reports admitted by stipulation supported these findings.  They documented M.S.'s mental health diagnosis and specific impairments, recounted a physician's opinion that M.S. required "placement in a facility where he can receive close, round-the-clock supervision and assistance," and described "the limited options" available to him if he left the existing facility.  They listed dates and approximate times of specific acts of aggression, including three involving the police.  During one incident, M.S. threatened violence against a staff member and hit an object out of her hand, resulting in a "long cut" on her body.

These reports amount to substantial evidence in support of the district court's findings of a serious mental impairment.  Accordingly, we affirm the district court order denying M.S.'s request for a less-restrictive placement.  We decline to consider the merits of the post-appeal habeas corpus decision because M.S. did not appeal from the final order in that proceeding.

**AFFIRMED.**