# IN THE COURT OF APPEALS OF IOWA

No. 17-1316
Filed April 4, 2018

**DESIREE BROWN,**
     Plaintiff-Appellee,

**vs.**

**SHANNON BROWN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

A husband challenges the district court's entry of a domestic abuse protective order. **APPEAL DISMISSED.**

Norman L. Springer Jr. of McGinn, Springer & Noethe, P.L.C., Council Bluffs, for appellant.

Joseph G. Basque of Iowa Legal Aid, Council Bluffs, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Shannon Brown asks us to reverse the district court's finding that he assaulted his estranged wife, Desiree, and to dismiss the protective order issued under Iowa Code chapter 236 (2017). Desiree contends this case is moot because the district court has already cancelled the order, at her request. In reply, Shannon argues we should resolve his appeal because a "valid controversy" still exists as to the underlying issue of domestic abuse or alternatively the case presents a matter of public importance and is likely to recur. Contrary to Shannon's argument, our opinion would have no legal impact and no compelling reason appears to decide the moot issue. Accordingly, we dismiss the appeal.

Representing herself, Desiree filed a petition in July 2017 seeking relief from domestic abuse. She alleged Shannon stalked her and, two weeks earlier, confronted her outside a QuikTrip, threatening: "I must come home or else if I didn't I had better hide well when I refused he proceeded to grab me by my throat and when people began to come out of the gas station he let go." Shannon acknowledged that he placed a GPS tracker on Desiree's car "[b]ecause she doesn't come home." But he denied abusing her. The district court found Desiree credible and entered "a final order of protection" on July 24. Shannon filed a notice of appeal on August 21. On October 16 Desiree asked the court to cancel the no-contact order, noting Shannon had attended counseling.[1] The court cancelled the order on October 20.

---

[1] Generally, we would not review matters occurring after the notice of appeal is filed. But mootness questions raise an exception. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992) ("Matters that are technically outside the record may be submitted in order to establish or

"A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (citation omitted). To determine if a case is moot, we ask—will our opinion "have any practical legal effect upon an existing controversy?" *Grinnell College v. Osborn*, 751 N.W.2d 396, 399 (Iowa 2008) (citations omitted). We entertain moot issues under certain circumstances, based on the following factors: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *State v. Hernandez-Lopez,* 639 N.W.2d 226, 234 (Iowa 2002) (citation omitted).

Shannon argues "whether an incident of domestic violence as defined by Iowa Code section 236.2(2) has been proven by a preponderance of the evidence" remains a contested issue. He believes the district court's finding will affect his right to possess a firearm under Iowa Code section 724.26(2). Shannon misreads that statute. Iowa law prohibits possession of a firearm by "a person who is subject to a protective order under 18 U.S.C. § 922(g)(8) or who has been convicted of a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9)." Iowa Code § 724.26(2)(a). Shannon is no longer subject to the protective order at issue in this appeal, and the district court's finding of domestic abuse by a preponderance of the evidence did not constitute a conviction.

---

counter a claim of mootness. We consider matters that have transpired during the appeal for this limited purpose.").

Because the protective order is no longer in effect, it poses no direct consequences for the parties, and our opinion would have no practical or legal impact. *See, e.g.*, *Luman v. Luman*, No. 17-0223, 2018 WL 1099198, at *1 (Iowa Ct. App. Feb. 21, 2018); *Parson v. Parson*, No. 14-0801, 2015 WL 4486341, at *1 (Iowa Ct. App. July 22, 2015). Accordingly, the case is moot. And these circumstances do not present an issue of public importance that is capable of repetition but would evade review.

**APPEAL DISMISSED.**