# IN THE COURT OF APPEALS OF IOWA

No. 18-1161
Filed November 21, 2018

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**D.S., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A father appeals from an order terminating his parental rights in his child pursuant to Iowa Code chapter 232 (2018). **AFFIRMED.**

Elena M. Greenberg of Glazebrook & Hurd, LLP, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Paul L. White, Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Dylan appeals the juvenile court's order terminating his parental rights in his daughter, A.G., pursuant to Iowa Code section 232.116(1)(e), (g), (h) and (k) (2018). The mother of the child at issue does not appeal. Dylan contends the State failed to prove by clear and convincing evidence the statutory grounds authorizing termination of his parental rights. He also argues termination of his parental rights is not in the best interest of the child.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give due regard to the factual findings of the juvenile court, but, ultimately, we adjudicate the rights of the parties anew. *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001); *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011).

The legal framework governing chapter 232 proceedings is well established. The State must prove by clear and convincing evidence one or more statutory grounds authorizing the termination of a parent's rights and must prove termination of the parent's rights is in the best interest of the child. *See* Iowa Code § 232.116(1), (2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Even when the State proves its case, however, the juvenile court has the discretion to preserve the parent-child relationship when the parent proves by clear and convincing evidence a statutory factor allowing preservation of the parent-child relationship. *See* Iowa Code § 232.116(3) (setting forth permissive factors to avoid the termination of parental rights); *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (stating it is the parent's burden to prove an exception to termination). Evidence is clear and convincing when "there are no serious or substantial doubts as to the correctness

of conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

In this case, the juvenile court ordered Dylan's parental rights be terminated pursuant to section 232.116(1)(e), (g), (h) and (k). Where, as here, the juvenile court terminated a parent's rights on more than one statutory ground, we may affirm the order if we find clear and convincing evidence to support any one of the statutory grounds. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

We focus our attention on section 232.116(1)(g). This provision authorizes the juvenile court to terminate a parent's rights upon clear and convincing evidence of the following:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Iowa Code § 232.116(1)(g).

There is little dispute the State has proved by clear and convincing evidence the first element of its case. The child at issue, A.G., came to the attention of the Iowa Department of Human Services ("IDHS") at the time of her birth due to an ongoing assistance proceeding involving the same family. A.G. was removed from the parents' care two days after her birth and adjudicated in need of assistance.

The State also proved by clear and convincing evidence the second element of its case. The prior assistance proceeding pending at the time of A.G.'s birth involved the parents and their child A.S. Child A.S. was removed from the family due to the parents' ongoing substance abuse, domestic violence in the home, and the father's untreated mental-health conditions. Despite the offer of numerous services, the parents refused to correct the behaviors giving rise to the removal of A.S. The juvenile court terminated Dylan's and the mother's rights in A.S. in January 2018, prior to the time of the termination hearing and order in this case.

We conclude there is clear and convincing evidence establishing the third and fourth elements of the State's case—that Dylan lacks the ability or willingness to respond to services that would correct the situation and that an additional period of rehabilitation would not correct the situation. As noted above, A.G. was removed from Dylan's care immediately after her birth due to concerns regarding Dylan's substance abuse, domestic violence in the home, and Dylan's untreated mental health, all of which precipitated the prior assistance proceeding regarding A.S. The parents were ordered to attend substance-abuse treatment, individual therapy for mental-health treatment, and domestic violence awareness classes. They were provided with numerous services, including: drug screens; relative placement; assessment services; domestic-abuse-awareness classes; visitation; family safety, risk, and permanency services; substance-abuse evaluations; substance-abuse treatment; transportation assistance; family team meetings; mental-health evaluations; individual therapy services; safety planning; safe care

parenting curriculum; hospitalizations for the father; housing assistance; and additional services provided in the prior assistance proceeding.

As in the assistance proceeding involving A.S., Dylan failed to respond to these services. At the time of the termination hearing, Dylan had still not acknowledged, let alone resolved, the issues giving rise to removal. He denied mental-health concerns. But the evidence showed he was civilly committed in the preceding year. After being released from his commitment, Dylan continued to suffer from delusions and paranoia. He denied any substance-abuse addiction. But the evidence showed he had tested positive for methamphetamine and had been hospitalized for methamphetamine psychosis. He denied any domestic violence. But the evidence showed domestic violence had been a long-standing problem.

The State has proved Dylan has been unresponsive to services and additional time would not remedy the situation. The State proved this ground for termination by clear and convincing evidence. *See In re L.H.*, 480 N.W.2d 43, 46 (Iowa 1992) ("The significance of this language appears to be that such a prior adjudication will ordinarily have provided a useful insight concerning the parents' ability to function within the goals of an earlier permanency plan."); *see also In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App Aug. 31, 2016) (concluding that father's refusal of services supported termination of rights and additional time would not remedy the situation); *In re C.M.*, No. 14-1140, 2015 WL 408187, at *4-5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance-abuse problems); *In re H.L.*, No. 14-0708, 2014

WL 3513262, at *4 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights where the father had history of substance abuse); *In re J.L.*, No. 02-1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights).

Dylan contends that termination of his parental rights is not in the best interest of the child. Our consideration of the best interest of the child focuses on the "best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). There is no evidence showing that continuation of the parent-child relationship is in the best interest of the child. Dylan has refused to acknowledge or address the concerns giving rise to removal of the child. At the time of the termination hearing, it was unclear that Dylan would even be available to take care of the child because he was in custody on charges of burglary and theft. "[I]t is not in the best interest[] of the child[] to return to a parent who refuses to address the [IDHS]'s primary concerns*." In re E.H.*, No. 17-0615, 2017 WL 2684420, at *3 (Iowa Ct. App. June 21, 2017).

For the foregoing reasons, we affirm the judgment of the juvenile court.

**AFFIRMED.**