# IN THE COURT OF APPEALS OF IOWA

No. 18-1890
Filed March 20, 2019

**IN THE INTEREST OF C.S.,**
**Minor Child,**

**M.U., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

A mother challenges a juvenile court order transferring jurisdiction from the Iowa District Court to the Wind River Tribal Court.  **APPEAL DISMISSED.**

Jim L. Bybee of Bybee Law Office, P.C., Le Mars, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Shelley Mbonu of Northern Arapaho Tribe, Fort Washakie, Wyoming, pro se appellee

Meret Thali of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

A child born in 2016 came to the attention of the department of human services based on his mother's conduct. The district court adjudicated him in need of assistance but left him in his mother's care. Later, the court transferred the child to his maternal grandmother's care.

The child's father was an enrolled member of Wyoming's Northern Arapaho Tribe. The district court notified the tribe of the pending action. The tribe in turn notified the district court that the child was eligible for enrollment. Nonetheless, the district court deemed the Indian Child Welfare Act inapplicable.

The State eventually filed a petition to terminate parental rights. The court held an evidentiary hearing. While the matter was pending, the tribe filed a petition to transfer jurisdiction of the case to the tribal court. The tribe did not serve the mother with the petition.

Three days after the transfer petition was filed, the district court ordered a transfer of the case to the tribal court and a transfer of the child to "the Wind River Indian Reservation." The mother timely moved to amend or enlarge the findings and conclusions. She asserted the court entered the transfer order "without a hearing" and failed to afford the parents "sufficient time to object to the application." She formally objected and asserted she had evidence to support her objection. The mother also requested a stay of the transfer order.

The district court granted the stay request pending resolution of the mother's motion. Shortly thereafter, the court denied the motion, reasoning in part that "the movant failed to personally appear for hearing on the termination of her

parental rights or present evidence." The court dismissed the Iowa case before ruling on the pending termination petition.

The mother filed a notice of appeal. She contends the court erred in "transferring jurisdiction to the Wind River Tribal Court three days after the Tribe had filed the request and without further notice or hearing."

"Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) (citation omitted). "It is our duty on our own motion to refrain from determining moot questions." *Homan v. Branstad*, 864 N.W.2d 321, 327 (Iowa 2015) (citation omitted).

The mother did not renew her request for a stay of the district court decision pending appeal. *See* Iowa R. App. P. 6.604(1) (governing applications for stays of district court judgments involving child custody). In a supplemental filing requested by this court, the tribe stated the child "is currently in the custody of the Northern Arapaho Department of Family Services, which manages family services for [the tribe] under contract with the State of Wyoming." *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992) ("Matters that are technically outside the record may be submitted in order to establish or counter a claim of mootness. We consider matters that have transpired during the appeal for this limited purpose.").

Because the district court's ruling was not stayed pending appeal and the child was transferred to the State of Wyoming, the issue raised by the mother is now academic. *See Homan*, 864 N.W.2d at 329 ("Our resolution of the present case will not affect that outcome."); *cf. In re M.M.*, 65 Cal. Rptr. 3d 273, 287 (Cal. Ct. App. 2007) ("The loss of jurisdiction that has led us to conclude that this appeal

must be dismissed might have been averted had Minor's counsel sought an immediate stay of the transfer order pending Minor's exhaustion of his appellate remedies.").[1]  The matter is moot, and the appeal must be dismissed.[2]

**APPEAL DISMISSED.**

Mullins, J., concurs; Vogel, C.J., concurs specially.

---

[1] The California court predicated its holding on a loss of subject-matter jurisdiction.  We predicate our holding on the mootness doctrine.

[2] We decline to apply an exception to the mootness doctrine for a matter of broad public importance because the right to object has been addressed by this court in a published opinion.  *See B.B.*, 826 N.W.2d at 428–29 ("[O]ne exception permits appellate review of otherwise moot issues when the issue is one of broad public importance likely to recur."); *In re J.L.*, 779 N.W.2d 481, 485–87 (Iowa Ct. App. 2009) (examining federal and Iowa ICWA language on persons entitled to object to transfer).

**VOGEL, Chief Judge** (concurring specially).

I agree with the majority that since no stay was requested, this matter is moot and the appeal should be dismissed. *See* Iowa R. App. P. 6.604(1) (providing "the appellate court may, in its discretion, stay any district court order . . . affecting the custody of a child . . . during the pendency of the appeal"). However, I write separately to address what should occur upon the objection of a parent to the transfer of jurisdiction to a tribe.

Here, the Northern Arapaho Tribe filed a petition to transfer jurisdiction on October 2, 2018. In response, the juvenile court, on October 5, dismissed the pending juvenile court proceedings. *See* Iowa Code § 232B.5(10) (2018) ("Unless either of an Indian child's parents objects, in any child custody proceeding involving an Indian child who is not domiciled or residing within the jurisdiction of the Indian child's tribe, the court shall transfer the proceeding to the jurisdiction of the Indian child's tribe."). On October 17, the mother moved to amend or enlarge the findings and conclusions, asserting the juvenile court's order was issued without a hearing. Because she was not afforded a hearing or granted sufficient time to object to the transfer of jurisdiction, she requested an immediate order staying all proceedings. *See id.* § 232B.5(13) ("If a petition to transfer proceedings as described in [Iowa Code section 232B.5(10)] is filed, the court shall find good cause to deny the petition only if one or more of the following circumstances are shown to exist," which includes "[a]n objection to the transfer is entered in accordance with [Iowa Code section 232B.5(10)]."); *see also In re A.E.*, 572 N.W.2d 579, 581 (Iowa 1997) (finding the federal statutory "language 'absent objection by either parent' gives either parent veto power over the transfer").

Later the same day, at 4:38 p.m., the juvenile court granted the stay. However, at 8:53 a.m. the next morning, October 18, after finding the mother failed to personally appear for the termination hearing, the juvenile court denied the mother's motion to amend the dismissal of the juvenile case and transfer of jurisdiction. It appears from the record the termination hearing had concluded, but no written termination order had yet issued. The mother's appeal is from that final denial of her motion to amend or enlarge the dismissal of the juvenile case. I agree with the State's position that the juvenile court's reasoning for denying the mother's motion to amend or enlarge finds no basis in the state or federal statute.

Although the mother did not assert a constitutional challenge at the district court, under the statute this lack of notice and opportunity to be heard was clearly insufficient. *See* Iowa Code § 232B.5(7) ("The notice in any involuntary child custody proceeding involving an Indian child . . . shall include . . . [a] statement listing the rights of the child's parents," including "the right to be granted up to an additional twenty days from the receipt of the notice to prepare for the proceeding."); *see also In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003) ("Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law in proceedings affecting parental rights to children." (internal quotation marks and citation omitted)).

Had the mother sought to stay the action pending this appeal, she should have then been granted a hearing on her resistance to transferring jurisdiction to the tribal court.