# IN THE COURT OF APPEALS OF IOWA

No. 19-1533
Filed April 1, 2020

**IN THE INTEREST OF M.C.,**
**Minor Child,**

**T.W., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights to her one-year-old son. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kayla Stratton of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

A mother, Tiana, appeals the termination of her parental rights to her fourth child, M.C. She argues the State failed to present clear and convincing evidence to support the statutory basis for terminating her rights. After independently reviewing the record, we affirm.[1]

## I. Facts and Prior Proceedings

M.C. was born in November 2018. But his mother's involvement with the Iowa Department of Human Services (DHS) predated his birth. To set the stage, Tiana had three older children—born in 2015, 2016, and 2017—and was pregnant with twins at the time of the termination trial in this case. The juvenile court terminated Tiana's parental rights to her three older children in June 2019.[2] We affirmed that termination. *In re A.B.*, No. 19-1089, 2019 WL 5428853, at *2 (Iowa Ct. App. Oct. 23, 2019).

For the first few months of M.C.'s life, he remained in parental care. But the juvenile court prohibited M.C.'s contact with his father, Michael, outside of professionally supervised visits. The court eventually ordered M.C.'s removal when Tiana lied about allowing Michael unapproved contact with their children.

---

[1] In termination-of-parental-rights cases, we review the proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The juvenile court's findings of fact do not bind us, but they deserve deference, especially when assessing the credibility of witnesses. *Id.* The State must present clear and convincing evidence of the grounds for termination of parental rights. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010); *see* Iowa Code § 232.117(3) (2019). Evidence satisfies that standard if no serious or significant doubts exist about the correctness of conclusions of law drawn from the proof. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

[2] The court also terminated the parental rights of M.C.'s father, Michael, in that order. The court preserved Tiana's parental rights to M.C.

And Tiana let M.C. develop a case of diaper rash so severe that it required admission to the hospital and an overnight stay.

The court adjudicated M.C. as a child in need of assistance (CINA) in January 2019. Around that time, M.C. had a positive hair test for cocaine. The next month the police apprehended Tiana at a Hy-Vee store for shoplifting. She was in Michael's company. They fought, and Michael bit her arm. The police charged him with domestic abuse assault causing injury.

The district court held a review hearing in April 2019. The DHS concerns about Tiana's parenting skills persisted. She remained unclear about the juvenile court's expectations. The court stressed the importance of participating in individual therapy, substance-abuse treatment, drug screens, and attending visits. In its June 2019 order, the court found the State failed to offer clear and convincing evidence to support termination of Tiana's parental rights as to M.C.

That same month, the State filed a new petition seeking termination. After an August 2019 hearing at which Tiana testified, the court approved the petition.[3] The court offered the following summary of relevant facts:

> Tiana displayed a lack of insight as to how her choices impacted her children . . . . She denied being highly intoxicated or that she was an inappropriate caretaker. Tiana blamed her alcohol usage on DHS. She reported drinking every day because her children were removed. Tiana denied struggling with sobriety during this court case. She had no explanation for how she tested positive for cocaine or how her son M.C. also tested positive for cocaine. Tiana blamed DHS for the report that Tiana removed her drug patch in December 2018. Tiana was not actively engaged in domestic violence services, nor was she engaged in her own mental health therapy on a consistent basis. Tiana had missed 8 out of 20 therapy sessions and was on same day scheduling due to her inconsistencies. . . . Little

---

[3] Tiana testified Michael was not the father of the twins she was expecting.

has changed in the mother's response to services since the last hearing in May 2019.

The court determined the State offered clear and convincing proof to support termination under Iowa Code section 232.116(1), paragraphs (g) and (h) (2019). Tiana now appeals.

## II. Analysis

When the juvenile court orders termination under more than one statutory provision, we need only find clear and convincing evidence to support one ground to affirm. *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We focus today on paragraph (g). Under that provision, the court may terminate the parent-child relationship if it finds:

> (1) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family . . . .
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Iowa Code § 232.116(1)(g).

No question, M.C. meets the first two requirements. The court adjudicated him as a CINA in January 2019. And the court terminated Tiana's parental rights to his siblings in June 2019. The third and fourth elements remain in contention. (A) Did the State offer clear and convincing evidence that Tiana is still unable or unwilling to respond to services that would remedy the situation? (B) And would more time to rehabilitate correct the situation? We address those questions in turn.

**(A) Inability or unwillingness to respond to services**

Tiana contends she is able and willing to respond to services that would allow reunification. She claims her home is safe and appropriate for M.C. Tiana also points out she was gainfully employed throughout the case. And she has engaged in family safety, risk, and permanency services that would allow her to resume care of M.C.

These circumstances do not tell the whole story. Instead, the record shows Tiana has not gained the skills or knowledge necessary to safely parent M.C. despite the duration of DHS involvement. Under paragraph (g), the prior termination will "ordinarily have provided a useful insight" about the parent's ability to function within the goals of an earlier permanency plan. *See In re L.H.*, 480 N.W.2d 43, 46 (Iowa 1992).

Indeed, those useful insights are available here. The DHS report noted:

> Given the very long history of services provided to this mother regarding her three other children's CINA cases, her lack of insight shown at the termination hearing regarding those children and this child's need for permanency, the State is again asking the Court to address termination of the mother's parental rights as to this child.

In our de novo review, we find clear and convincing evidence Tiana is unable or unwilling to respond to the services necessary to ensure a stable environment for M.C. Tiana refuses to address her substance-abuse issues or to engage in individual therapy for her mental-health needs. She has not cooperated with DHS workers and blames them for her lack of sobriety. She has not been forthcoming about domestic abuse perpetrated by Michael. And the juvenile court found her lack of candor about the father of the twins to be more evidence of her lack of "protective capacity." The State met the third element.

**(B) Additional rehabilitation period to correct the situation**

Tiana insists additional time to engage in rehabilitative services will correct the situation that led to M.C.'s removal.  We disagree with that prediction.  As a practical matter, the juvenile court's dismissal of the termination petition in M.C.'s case in June 2019 provided Tiana with another period of rehabilitation.  She did not take that chance to seek substance-abuse treatment or individual counseling.  At the August termination hearing, she refused to say whether she had consumed alcohol in the past few months.  And she continued to be evasive about her exposure to domestic violence.  After viewing the record as a whole, we find clear and convincing evidence that more time for rehabilitation would not fix the problems with Tiana's parenting.  We affirm the order of termination under section 232.116(1)(g).

**AFFIRMED.**