**IN THE COURT OF APPEALS OF IOWA**

No. 21-0340
Filed June 16, 2021


**IN THE INTEREST OF A.R.,**
**Minor Child,**

**C.R., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Butler County, Peter B. Newell,

District Associate Judge.


        A father appeals the removal of his child from his custody.   **APPEAL**

**DISMISSED.**



        Mark A. Milder, Denver, for appellant father.

        Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant

Attorney General, for appellee State.

        Elizabeth A. Batey of Vickers Law Office, Greene, attorney and guardian ad

litem for minor child.



        Considered by Vaitheswaran, P.J., and Greer and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A father of a child born in 2019 appeals district court orders removing the child from his custody.

The child was adjudicated in need of assistance in 2020 based on a finding that the parents "became embroiled in an argument that was so heated that they neglected the needs of [their] four-month-old infant." The court also found "evidence of domestic abuse as well as power and control issues in the relationship between these two parents." The court ordered "care, custody and control of" the child to "remain with his parents with placement in the father's home."

Several months later, the State applied to have the child removed from the father's custody. The district court granted the application after finding that the father "strangled" the mother "to the point of passing out" while in the presence of the child. Following an evidentiary hearing, the court confirmed the child remained in need of assistance and ordered the child removed from the father's custody. The child was placed with the mother.

On appeal from the removal orders, the father contends (1) he "was denied a fair trial and due process . . . due to being denied a speedy temporary removal hearing, by being denied the right to cross examine the State's witness, and by terminating the removal hearing prior to all evidence being submitted" and (2) "[t]here was no factual or legal basis to temporarily remove the child from [his] care, as there was no imminent danger to the child and the child was not at risk of being exposed to further adjudicatory harm in [his] home." The child's guardian ad litem and attorney responds that "[t]he father failed to raise any objection to the timing of the removal hearing," "did not object to the [premature] termination of the

proceedings," and "did not raise the issue during closing arguments or in the written argument submitted to the Court following hearing, when the Court could have addressed the concern." The guardian ad litem also raises a number of other arguments including an assertion that "the [removal] issue is now moot."[1]

We begin and end with the mootness argument. "Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) (citation omitted). We may consider matters technically outside the record to establish or counter a claim of mootness. *In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992).

Shortly after the father filed his notice of appeal, the district court filed a review order confirming the child remained a child in need of assistance and ordering care, custody, and control to remain with the mother. In light of the court's reaffirmation of the ex parte temporary removal order, "[a]ny error committed in granting the temporary ex parte order cannot now be remedied." *In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994). The same holds true for the post-hearing removal order. *See In re P.J.*, No. 18-1023, 2018 WL 4361073, at *3 (Iowa Ct. App. Sept. 12, 2018). The father's challenge to the temporary removal orders is no longer justiciable. The issues he raises are moot.[2]

**APPEAL DISMISSED.**

---

[1] The State joins in the guardian ad litem's argument.

[2] We also note the following: "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). This includes constitutional issues. *See In re M.D.*, 921 N.W.2d 229, 238 (Iowa

2018) (Christensen, J., concurring in part and dissenting in part)); *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("The parents also argue they were denied due process when the juvenile court concluded the permanency hearing without allowing them to present more evidence and to testify. . . . The parents, however, waived this argument by failing to object at the closing of the hearing. . . . Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal. Because the parents did not lodge an objection alerting the juvenile court to their complaints, they have not preserved error for our review." (citations omitted)). The father did not raise a fair trial ordue process challenge to the date of the temporary removal hearing or the discontinuation of the hearing. In the post-hearing removal order, the district court noted it "discontinued the hearing," but it did not decide a fair-trial or due process issue. Even if the father's appeal were not moot, we would conclude error was not preserved on that issue.