# IN THE COURT OF APPEALS OF IOWA

_____

No. 26-0338
Filed May 13, 2026

_____

**In the Interest of D.Q., Minor Child,**

**D.Q., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County,
The Honorable Michael Motto, Judge.

_____

**AFFIRMED**

_____

Gina L. Kramer of Kramer Law Office, PLLC, Dubuque,
attorney for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Patricia Rolfstad, Davenport, attorney and guardian ad litem
for minor child.

_____

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

A father[1] appeals the juvenile court's order terminating his parental rights with respect to D.Q., born in 2021. He argues D.Q. is not "a member of the same family" as another child to which the father had his parental rights terminated. Upon our review, we affirm the juvenile court's order terminating parental rights of the father.

## BACKGROUND FACTS AND PROCEEDINGS

The family came to the attention of the Iowa Department of Health and Human Services (HHS) in June 2023 when allegations were made that the mother physically assaulted the father in the child's presence and that the mother's paramour was sexually abusing the child.[2] Due to a lack of cooperation with the investigation, the child was removed from the mother's custody and placed with the father, and a safety plan was put into place.

Contemporaneously, the State filed a petition alleging D.Q. to be a child in need of assistance (CINA) under Iowa Code sections 232.2(6) and 232.96A (1)–(5), (7) and (14). At the time of the July 2023 adjudication hearing, the father was mostly compliant with the safety plan. And the mother had taken steps to address her mental-health needs but was noncompliant with drug testing. The juvenile court found clear and convincing evidence to support CINA grounds under Iowa Code section 232.96A(3)(b) and 232.96A(14). But the juvenile court withheld adjudication to consider suspending disposition to see if the parents could demonstrate an ability to successfully address their mental health and any substance-use issues. Less than two weeks later, the child tested positive for

---

[1] The mother's parental rights were not terminated.

[2] The sexual abuse allegations were unfounded.

methamphetamine while in the father's care and was subsequently removed from his custody. Because of this, the State asked the juvenile court to reverse course and adjudicate the child to be a CINA. The juvenile court, however, again withheld adjudication and placed the child in relative care.

The child was returned to the mother's care early 2024 after she made strides in mental-health, substance-use, and domestic-violence programming. The mother also began participating in Family Wellness Court. However, the progress soon encountered obstacles.

While in the mother's care, the father began having unsupervised contact with the child. On one occasion, the father used methamphetamine and allowed the child to ingest a THC gummy. The mother also tested positive for methamphetamine. As a result, the child, who tested positive for THC and methamphetamine, was once again removed from both parents' custody in September 2024.

During these events, the juvenile court adjudicated the child to be a CINA. The State additionally moved to amend the CINA petition to allege grounds under Iowa Code section 232.96A(15). The juvenile court granted the State's motion to amend and adjudicated the child to be a CINA under that subsection as well.

Thereafter, the mother's progress seemed to unravel further. She tested positive for amphetamine and methamphetamine in September, October, and December 2024, and January 2025. Noting this lack of progress, the juvenile court set the matter for permanency.

During the permanency hearing, the juvenile court learned the father was living in Illinois and did not have an employer. But he was doing work on his own. Additionally, the father's parental rights were terminated as to

another child he had fathered with a different mother. The father's treatment progress was inconsistent, and he had not taken a drug test in the several months before the permanency hearing. The father also is diagnosed with bipolar disorder and has failed to consistently take his medication.

Ultimately, the juvenile court changed the child's permanency goal to termination of parental rights. The juvenile court based this decision on the minimal progress the mother had made during the CINA case and the total lack of progress for the father. So, the State filed a petition to terminate the parental rights of both parents in September 2025. The petition alleged grounds under Iowa Code section 232.116(1)(a), (d), (g), (h), (i), (k), and (l).

The juvenile court held a hearing on the State's petition in December 2025. After the hearing, the juvenile court found the State proved grounds under section 232.116(1)(g) as to the father. But the juvenile court found all other alleged grounds were not proven by the State. So, finding one ground was proven, and termination was in the child's best interests, the juvenile court terminated the father's parental rights. The mother's parental rights were not terminated. The father appeals.

## STANDARD OF REVIEW

Termination proceedings are reviewed de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020) (per curiam); *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Statutory interpretation questions are reviewed for corrections of errors at law. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). We give weight to the factual findings but are not bound by them. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). The paramount concern in a termination proceeding is the child's best interests. *Id.* The burden is on the State to

show by clear and convincing evidence that the requirements for termination have been satisfied. *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014).

## DISCUSSION

The father challenges the grounds for termination under Iowa Code section 232.116(1)(g). To sustain this ground for termination, the State had to prove by clear and convincing evidence that (1) the child was adjudicated in need of assistance; (2) the district court terminated parental rights to another child "who is a member of the same family"; (3) "[t]here is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation"; and (4) "[t]here is clear and convincing evidence that an additional period of rehabilitation would not correct the situation." Iowa Code §232.116(1)(g).

The father only challenges the second element, arguing that D.Q. and the other child to whom his parental rights had previously been terminated were not members of the "same family" because they do not share a mother. This court has summarily rejected this argument on at least three occasions. *In re C.W.*, 522 N.W.2d 113, 116 (Iowa Ct. App. 1994); *In re A.T.*, No. 06-0562, 2006 WL 1896328, at *2 (Iowa Ct. App. July 12, 2006); *In re H.B.*, No. 18-0835, 2018 WL 3913110, at *3 (Iowa Ct. App. Aug. 15, 2018). But the father criticizes these cases for their lack of explanation, so we will explain why these decisions are supported by the statutory text.

While chapter 232 does not define "same family" as used in section 232.116(1)(g), the definitions within the chapter provide necessary context to answer the question. First, "Family in need of assistance" means a "family in which there has been a breakdown in the relationship between a child and the child's parent, guardian, or custodian." Iowa Code § 232.2(23).

Second, the code defines "relative" to include "the parent of a sibling of the child if the sibling's parent's parental rights were not previously terminated in relation to the child." *Id.* § 232.2(60). And third, a "sibling" is defined as "an individual who is related to another individual by blood, adoption, or affinity through a common legal or biological parent." *Id.* § 232.2(67). The throughline that runs through each of these definitions is the relationship between a child and a singular parent. Because this relationship between a child and singular parent is tantamount to our analysis under chapter 232, we find that is the test for whether for whether the children are members "of the same family." *See* Iowa Code §232.116(1)(g).

Moreover, the father's argument is inconsistent with the purpose of section 232.116(1)(g)(2). This section is intended to prevent children from being harmed by a parent's proven lack of parenting ability absent "the ability or willingness to respond to services which would correct the situation." *See In re L.H.*, 480 N.W.2d 43, 46-46 (Iowa 1992); Iowa Code § 232.116(1)(g)(3). Courts "gain insight into the child's prospects by reviewing evidence of the parent's past performance—for it may be indicative of the parent's future capabilities." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (quoting *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010)).

## CONCLUSION

Because we find half-siblings to be a member of the same family for purposes of this statute, we affirm the juvenile court's order terminating parental rights of the father with respect to D.Q. under Iowa Code section 232.116(1)(g).

**AFFIRMED.**