**IN THE COURT OF APPEALS OF IOWA**

No. 20-0269
Filed April 1, 2020

**IN THE INTEREST OF M.B.,**
**Minor Child,**

**J.B., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A father appeals a review order in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Andrea B. McGinn of The Law Shop of Skogerson McGinn LLC, Van Meter, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Teresa Marie Pope of Branstad Law, PLLC, Des Moines, attorney for minor child.

Erin Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

A father, Jeremy, appeals a review order in the child-in-need-of-assistance (CINA) case involving his ten-year-old daughter, M.B. He claims the juvenile court had no authority to direct the Iowa Department of Human Services (DHS) to begin a child protective assessment (CPA). He also challenges the suspension of his visitation pending that investigation. We cannot address the first issue because Jeremy did not preserve error in the juvenile court. We choose not to address the second issue because it is moot. Without reaching the merits of either claim, we affirm.[1]

The juvenile court adjudicated M.B. as a CINA in June 2017. The primary concern was M.B.'s exposure to sexual offenders by her mother, Jessica. Another concern was Jeremy's history of domestic violence.

By July 2019, the CINA case was nearing its conclusion. The court had returned M.B. to her mother's custody. The child continued to have visitation with Jeremy. The DHS was recommending an end to juvenile court jurisdiction.

That plan hit a snag in January 2020 when the juvenile court held a review hearing. Before the hearing started, M.B. asked to speak with the judge with her attorney present. The parents' attorneys did not object. In chambers, and under oath, M.B. expressed concerns about her ongoing overnight visitation with Jeremy.

Back in the courtroom, the juvenile court summarized M.B.'s concerns for the parents and their attorneys. The court then ordered DHS to begin a CPA to

---

[1] Generally, we review CINA proceedings de novo. *In re D.H.*, 902 N.W.2d 584, 586 (Iowa Ct. App. 2017).

investigate M.B.'s allegations. It also suspended M.B.'s visits with Jeremy until the CPA was complete. After that, visitation was at DHS discretion.

Jeremy appeals the review order for two reasons: first, he asserts the juvenile court lacked authority to order the DHS to begin a CPA. He argues the Iowa Administrative Code consigns the evaluation of a child abuse allegation and the decision to commence a CPA to the DHS alone. Second, he contends the court did not reach the least restrictive disposition when it suspended his visitation pending the CPA's conclusion. He also argues the court lacked authority to suspend his interactions with M.B. because the DHS has the discretion to determine visitation.[2]

In response, the State argues Jeremy failed to preserve error on his complaint about the CPA order. The State points out that he did not object when the court entered the order, either on the record during the hearing or in writing after the hearing. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Having reviewed the record, we agree Jeremy failed to complain when the juvenile court "refer[red] this matter over for a CPA investigation." (He did object to suspension of his visitation.) His failure to object deprived the juvenile court of its opportunity to consider the arguments he raises on appeal. *See State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (emphasizing importance of error preservation

---

[2] Jeremy also makes a vague due process argument, but it is not developed enough to evaluate. *See Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (declining to undertake research and advocacy where appellant's arguments were underdeveloped).

to afford the district court a chance to avoid or correct error). We will not address this unpreserved alleged error.

As for the suspension of Jeremy's visitation pending the outcome of the CPA, the State argues that issue is moot. Less than one month after suspension of visitation, the police arrested Jeremy for domestic abuse assault and held him at the county jail. He was also being evicted from his apartment, where the domestic abuse assault occurred. The State moved to allow M.B. to retrieve her belongings from the apartment, which no party opposed, and the court granted the motion.[3] The State argues these circumstances would have led the DHS to reevaluate visitation, even without the CPA directed by the juvenile court.

An issue is moot if it no longer presents a justiciable controversy. *D.H.*, 902 N.W.2d at 586. We ask whether our opinion would have any force or effect on the underlying controversy. *Id.* Here, the issue of Jeremy's ongoing visitation with M.B. eclipses the juvenile court's considerations at the January hearing. Police took Jeremy into custody for domestic violence just three weeks after the visitation suspension order. Our view on the juvenile court's suspension of visitation will not have any force or effect on the new reality the family is facing.

Because Jeremy failed to preserve error on his claim the juvenile court overstepped its authority by ordering a CPA, we affirm that aspect of the review order. We dismiss the visitation issue as moot.

**AFFIRMED.**

---

[3] While these matters are technically outside our record, the State may submit them to establish a claim of mootness. *See In Interest of L.H.*, 480 N.W.2d 43, 45 (Iowa 1992).